# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALFREDO DANIEL MONTANEZ,**

    Plaintiff,

v.                                                Case No. 18-cv-692

**ARMOR MEDICAL,
NURSE PRACTIONER MERCY,
and JOHN DOE,**

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

      Alfredo Daniel Montanez, a prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights while he was confined at the Milwaukee County Jail. This matter is before me on Montanez's motions to proceed without prepayment of the filing fee, motion to appoint counsel, and for screening of his complaint.

*Motion to Proceed without Prepayment of the Filing Fee*

      The Prison Litigation Reform Act (PLRA) applies to this case because Montanez was incarcerated when he filed his complaint. The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee.

      On May 4, 2018, I ordered Montanez to pay an initial partial filing fee of $62.00. He paid that fee on May 21, 2018. Accordingly, I will grant his motion to proceed without

prepayment of the filing fee. Montanez must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Montanez improperly brings unrelated claims in a single case. First, he alleges that defendant Armor Medical did not respond to his complaints about defendant Nurse Practitioner Mercy's failure to treat his severe back pain. I will refer to that set of allegations as Case #1. Next, he alleges defendant John Doe healthcare staff failed to address his requests for mental health treatment. I will refer to that set of allegations as Case #2.

Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). Fed. R. Civ. P. 20(a)(2)(B) states that

persons may be joined in a case as defendants only if there are questions of law or fact common to "all" defendants.

Montanez appears to have done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do. The events and defendants related to Case #1 are distinct from the events and defendants related to Case #2. The only thing that all of the individuals he sues have in common is that he came into contact with them as a result of his incarceration. That, however, is not a sufficient basis for me to conclude that his claims are all related or that there are questions of law or fact common to all of the defendants.

If Montanez wants to proceed, he must file an amended complaint that complies with Fed. R. Civ. P. 18 and 20. In other words, he must pick either Case #1 or Case #2. If he wants to proceed on both, he must do so in separate complaints. His amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." An amended complaint will take the place of his original complaint, so any allegations not included in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this case, and I will screen it in accordance with 28 U.S.C. § 1915A.

I remind Montanez that he must include enough facts in his amended complaint to allow me to reasonably infer that the defendants did what he asserts they did. Legal conclusions (such as, "she was deliberately indifferent") will be insufficient on their own to state a claim. His complaint must include facts that allow me to understand who was involved and what they did or did not do to violate his constitutional rights.

He should also remember that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . ." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This is because "public employees are responsible for their own misdeeds but not for anyone else's." *Id*. The mere fact that someone denied a prisoner's complaint, or agreed with another employee's recommendation on an inmate complaint, does not mean that individual violated a prisoner's constitutional rights. Employers are not liable for the misconduct of their employees, supervisors are not liable for the misconduct of their subordinates, and employees are not liable for the misconduct of their co-workers. *See id.* In other words, Montanez should name as defendants only those individuals who were personally involved in or responsible for the alleged constitutional violation.

The court is enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint that the court can effectively screen. The court also will include a blank prisoner complaint form. The court will require Montanez to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, Montanez believes he needs more space than is provided in the form complaint, he may attach up to three handwritten pages.

If Montanez chooses to file an amended complaint, he must do so by **July 6, 2018.** If he does not want to proceed with the case, he does not have to take any further action. If he does not file an amended complaint by the deadline, I will infer that he no longer wishes to proceed with this case, and I will dismiss the case without prejudice.

*Motion to Appoint Counsel*

Near the end of his complaint, Montanez asks me to recruit counsel to represent him on a volunteer basis. He explains that he does not have the assets to prosecute this case because he is incarcerated.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, a plaintiff must demonstrate that he has made a reasonable attempt to secure counsel on his own. *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). A plaintiff can satisfy that requirement by providing the court with evidence that he has contacted at least three lawyers to request representation. He may file copies of the letters he sent to the lawyers or copies of the responses he received from the lawyers.

After I am satisfied that a plaintiff has attempted to hire a lawyer on his own, I will examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Id*. This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id*.

Montanez has not satisfied the first step of the process in that he has not demonstrated that he made an effort to hire a lawyer on his own. Regardless, even assuming Montanez *had* satisfied that requirement, I believe he can represent himself at this time. Montanez's complaint is straightforward and easy to understand. He has run afoul of some procedural rules, but those are easily fixed if he follows the instructions in this order. At this point, he need only prepare an amended complaint that includes related claims and explains

what particular individuals did or did not do to violate his rights. He does not need a lawyer to help him do this.

I remind Montanez that nearly all prisoner plaintiffs represent themselves and nearly all of them would prefer to have the assistance of a lawyer. There simply are not enough lawyers willing or able to meet that demand. If circumstances change and Montanez believes that he can no longer adequately represent himself, he may renew his request and I will again consider it.

**IT IS THEREFORE ORDERED** that Montanez's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, if Montanez wants to proceed with this case, he shall file an amended complaint consistent with this order by **July 6, 2018**. If Montanez does not file an amended complaint by the deadline, the court will infer that he no longer wishes to pursue this case and will dismiss it without prejudice based on his failure to prosecute. The clerk's office will include with this order a copy of the handout "Answers to Prisoner Litigants' Common Questions" and a blank complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Montanez shall collect from his institution trust account the $288.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number

assigned to this action. If Montanez is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Montanez's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Montanez is confined.

**IT IS FURTHER ORDERED** that Montanez shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Montanez need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Montanez should also retain a personal copy of each document filed with the court.

Montanez is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 11th day of June, 2018.

BY THE COURT:

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge