UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALFREDO DANIEL MONTANEZ,

    Plaintiff,

v.              Case No. 18-cv-692-pp
                  USCA Case No. 20-1951

MERCY MAHAGA,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 59)**

---

On April 30. 2020, the court granted the defendant's motion for summary judgment and dismissed the case. Dkt. No. 52. The plaintiff appealed and is seeking leave to proceed without prepaying the appellate filing fee. Dkt. No. 59.

There are three grounds for denying a prisoner-appellant's request to proceed *in forma pauperis*: the prisoner has not established indigence, the appeal is in bad faith or the prisoner has accrued three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The plaintiff has established he is indigent, his trust account for the months of January through June 2020 shows that he does not have the funds to pay the filing fee, dkt. no. 5-2; and the plaintiff has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir.

1

1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court sees no indication that the plaintiff is not appealing in good faith, so the court will grant his motion to appeal without prepaying the filing fee.

Under the Prison Litigation Reform Act (PLRA), a prisoner-appellant must pay the entire filing fee for an appeal. 28 U.S.C. §1915(b). If the plaintiff does not have the money to prepay the $505 filing fee and the court allows the plaintiff to proceed without prepaying it, the court must assess an initial partial filing fee under the formula in the PLRA (*i.e.*, twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater). 28 U.S.C. §1915(b)(1).

After the plaintiff pays the initial partial fee, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the

2

filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the plaintiff will collect the money and send payments to the court.

Based on the information the plaintiff provided to the court, it will require the plaintiff to pay an initial partial filing fee of $20.00, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 59.

The court **ORDERS** that by the end of the day on **July 31, 2020**, the plaintiff must forward **$20.00** to the Clerk of Court as the initial partial filing fee in this appeal. If the plaintiff fails to comply with this order, the court of appeals may dismiss his appeal. The payment must be clearly identified by the case name and the case numbers in this court (18-cv-692) and in the court of appeals (20-1951).

The court also **ORDERS** that, after the plaintiff pays the initial partial filing fee, the agency that has custody of the plaintiff must collect from his prison trust account the balance of the filing fee ($485) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments must be clearly identified by the case name and the case numbers in

this court (18-cv-692) and in the court of appeals (20-1951). If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court will send copies of this order to the officer in charge of the agency where the inmate is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 8th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**